David S. Kupetz (CA Bar No. 125062)
  dkupetz@sulmeyerlaw.com
Jason D. Balitzer (CA Bar No. 244537)
  jbalitzer@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Benchmark Post, Inc., Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>BENCHMARK POST, INC.,<br><br>Debtor. | Case No. 2:17-bk-15568-BR<br><br>Chapter 11<br><br>***EMERGENCY* "FIRST DAY" MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Omnibus Declaration of Pedro Jimenez filed concurrently herewith]<br><br>Date:  [To be set]<br>Time:  [To be set]<br>Place: U.S. Bankruptcy Court<br>       Courtroom 1668<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |

JDB\ 2579162.1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

### EMERGENCY MOTION AND NEED FOR EMERGENCY RELIEF

Benchmark Post, Inc., the debtor and debtor in possession in the above-captioned case ("Benchmark Post" or the "Debtor"), respectfully requests an order directing this case to be jointly administered with the chapter 11 case of its affiliate, Benchmark Sound Services, Inc. ("Benchmark Sound"), which case is also pending before this Court, as case number 2:17-bk-15570-BR.  (Benchmark Sound has also filed an identical motion in its case.)  Benchmark Post and Benchmark Sound (collectively, the "Benchmark Debtors") request that their cases be treated as a single case for administrative purposes only, and do not request substantive consolidation of their cases at this time.

The Benchmark Debtors request this relief on an emergency basis because keeping the bankruptcy cases of the Benchmark Debtors separately administered for the time it would take for this Motion to be heard on regular notice would likely result in the Benchmark Debtors filing numerous duplicative pleadings in both cases, thereby resulting in unnecessary and avoidable, yet potentially significant, administrative costs.  Moreover, the Debtor concurrently is filing several other "first day" motions requiring a hearing on an emergency basis and it only makes sense to schedule the hearing on the present Motion for the same date and time in the interests of efficiency and conservation of limited estate and judicial resources.

The Benchmark Debtors respectfully request that joint administration of their estates include, subject to further order of the Court:

(a)    the use of joint pleadings docket (i.e., the docket established for the case of Benchmark Post, Inc., Case No. 2:17-bk-15568-BR) for the filing of pleadings and the lodging and entry of orders, judgments, and related documents (but excluding schedules of assets and liabilities, statements of financial affairs, Proofs of Claim, requests for payment of administrative expenses, and the notice of joint administration);

(b)    the use of a joint pleadings caption;

1       (c)    combined notices to creditors and other parties in interest.

2     With respect to the joint pleadings docket, the Benchmark Debtors propose that the docket be maintained in Benchmark Post's bankruptcy case. With respect to the joint pleadings caption, the Benchmark Debtors propose to use the case caption attached hereto as **Exhibit 1**. The Benchmark Debtors further request that the Court direct the Clerk of the Court to place a notation in the docket maintained for each of the Benchmark Debtors cases to reflect that their cases are being jointly administered.

    This motion is brought in accordance with Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rules 1015-1(b) and 9075-1(a), and is made on the ground that joint administration of the cases is appropriate because it will alleviate the necessity for duplicate papers, notices and proceedings before the Court, and thereby minimize costs and ease the administrative burden for the estates, the Court, and interested parties. The Benchmark Debtors comprise a single business enterprise, are co-obligors on multiple debts, and anticipate that any plan of reorganization will be a joint plan between them.

    This motion is based on the attached Memorandum of Points and Authorities, the supporting exhibit(s) attached hereto, the separately filed Omnibus Declaration of Pedro Jimenez, the arguments of counsel to be made at the hearing on the Motion, and all other admissible evidence properly before the Court.

    **WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

1. Directing the joint administration of the Benchmark Debtors' Chapter 11 cases as requested herein; and

2. Granting such other relief as the Court deems just and proper.

JDB\ 2579162.1       3

1 | DATED: May 5, 2017

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: _____*/s/ Jason D. Balitzer*_____
David S. Kupetz
Jason D. Balitzer
Attorneys for Benchmark Post, Inc., Debtor and
Debtor in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

JDB\ 2579162.1

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION/BACKGROUND

Benchmark Post, Inc. ("Benchmark Post" or the "Debtor") and Benchmark Sound Services, Inc. ("Benchmark Sound") together form an enterprise ("Benchmark") that provides post-production audio services for feature films, television, video games, and motion picture advertising. Benchmark's clients include, among others, major motion picture studios, independent filmmakers, video game companies, and broadcast television content creators.

On May 5, 2017 (the "Petition Date"), Benchmark Post and Benchmark Sound (together, the "Benchmark Debtors") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its affairs as a debtor and debtor in possession.

Benchmark Post and Benchmark Sound together form a single enterprise. Benchmark Sound was the first company established in this enterprise, and its business revolved around a service agreement with Universal Studios. All payroll was run through Benchmark Sound. Benchmark Post was later established to handle non-Universal business. After Benchmark Sound's service agreement with Universal Studios was terminated in 2015, Benchmark Post became the sole service provider to Benchmark clients. Nonetheless, all payroll remained with Benchmark Sound. Presently, Benchmark Post has the right to all Benchmark receivables and is the company with which Benchmark clients contract, but it has no employees. Payroll is still run through Benchmark Sound. Since the Benchmark Debtors form a single enterprise and share many of the same creditors, joint administration of their cases is sensible and appropriate.

## II.

## JOINT ADMINISTRATION OF THE BENCHMARK DEBTORS' CASES IS APPROPRIATE AND NECESSARY TO PROMOTE EFFICIENT AND ECONOMICAL ADMINISTRATION OF THE BENCHMARK DEBTORS' ESTATES

Federal Rules of Bankruptcy Procedure 1015(b) authorizes the Court to order joint administration of cases involving two or more related debtors. *See* Fed. R. Bankr. P. 1015(b).

Specifically, Rule 1015 provides, in relevant part, as follows:

> (b)   *Cases Involving Two or More Related Debtors*.  If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates.  Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.  ...
>
> (c)   *Expediting and Protective Orders*.  When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015(b)-(c) (emphasis added).  As stated in the advisory committee notes to Rule 1015,

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 Advisory Committee Note (1983).

Joint administration for procedural and administrative matters differs significantly from substantive consolidation, in which the debtors' assets and liabilities are pooled, and the creditors of the separate entities jointly share pro rata in the aggregate net value of the estates. *See In re Standard Brands Paints Co.*, 154 B.R. 563 (Bankr. C.D. Cal. 1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).  Joint administration, by contrast, is merely procedural, and has no impact on the substantive rights of creditors.  *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986).  Each creditor may still file its claim against a particular debtor's estate by indicating on the proof of claim the particular debtor against which the claim is being asserted, and may, in any given contested matter, identify the particular debtor against which relief is sought.  Each creditor will still maintain its rights against the particular estate which the creditor alleges owes it money.

Joint administration of the Benchmark Debtors' estates is appropriate in the instant cases

for the several reasons.  First, the Benchmark Debtors are affiliates.  Second, joint administration will promote judicial economy.  Third, there is no other conflict that would hinder or interfere with joint administration.

### A. The Benchmark Debtors are "Affiliates"

Under the Bankruptcy Code, an "affiliate" includes, among other things, a

> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote . . . by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

11 U.S.C. § 101(2)(B).  The term "entity" includes "person."  11 U.S.C. § 101(15).  Here, Pedro Jimenez is the "entity" that owns 100% of the outstanding voting securities of both Benchmark Post and Benchmark Sound.  He does not hold those securities in a fiduciary or agency capacity without voting power or solely to secure debt.  Accordingly, Benchmark Post and Benchmark Sound are "affiliates" as defined by the Bankruptcy Code.

### B. Joint Administration Will Promote Judicial Economy

Joint administration will promote the economic interest of the Benchmark Debtors' estates and facilitate judicial administration because of the nature and relationship among the Benchmark Debtors.  As set forth above, the Benchmark Debtors together comprise a single business enterprise.  Moreover, as a review of their respective master mailing lists shows, there is significant overlap in their creditor bodies.  Moreover, the success of their respective cases will require a joint effort between the Benchmark Debtors, as Benchmark Post has the contract rights with the Benchmark clients but Benchmark Sound has the employees whose services will be required to fulfill those contracts and keep the Benchmark operation running.

Furthermore, joint administration of the Benchmark Debtors' cases will promote judicial economy and render the judicial process less costly for all creditors and parties in interest by alleviating the necessity for duplicate papers, notices and proceedings before the Court.  The clerk's office will be relieved of the burden of having to maintain separate pleadings' files and

1 separate dockets with duplicative entries, while the Benchmark Debtors will be relieved of
2 duplicative noticing and excessive copying costs associated with separate service of identical
3 pleadings in each of the Benchmark Debtors' cases.  Creditors will only need to review a single
4 pleading and docket to determine the case status versus having to review pleadings and dockets in
5 each of the two pending cases.  Supervision of administrative aspects of the Benchmark Debtors'
6 Chapter 11 cases by the Office of the United States Trustee will also be simplified.

7     For the same reasons set forth above, joint administration of the Benchmark Debtors'
8 estates is also consistent with Rule 1001, which provides, in relevant part, that "[t]hese rules shall
9 be construed to secure the just, speedy and inexpensive determination of every case and
10 proceeding." Fed. R. Bankr. P. 1001.

11 **C.**     **Other Considerations**

12     The Benchmark Debtors are unaware of any present existing actual conflicts between their
13 estates that would hinder or interfere with joint administration or prejudice creditors of their
14 estates by reason of joint administration.  Again, the relief sought is purely procedural and is not
15 intended to affect substantive rights.  The Benchmark Debtors are only requesting joint
16 administration of their estates for procedural purposes, and are not seeking substantive
17 consolidation at this time.  In the event that a conflict arises in the future by reason of joint
18 administration, the Court may in the exercise of its powers entertain an appropriate order to
19 alleviate such conflict and/or fashion an appropriate remedy to protect creditors and interest
20 holders pursuant to Rule 1015(c).

21     In fact, joint administration may actually serve to protect the interests of parties who are
22 creditors of one or both of the Benchmark Debtors.  Due to the close relationship between the two
23 Benchmark Debtors, any actions taken by or against one of the Benchmark Debtors will likely
24 affect the other Benchmark Debtor, at least indirectly.  Thus, a party who is an "interested party"
25 with respect to one of the Benchmark Debtors will likely also be an "interested party" with respect
26 to the other Benchmark Debtor.  Joint administration of the case will permit interested parties to
27 monitor a single docket, and will increase the likelihood that all interested parties will receive
28 notices of all matters that may affect them either directly or indirectly.

JDB\ 2579162.1     8

### III.

### **PROPOSED PROCEDURE**

The Benchmark Debtors respectfully request that joint administration of their estates include:

(a) the use of joint pleadings docket (i.e., the docket established for the case of Benchmark Post, Inc., case no. 2:17-bk-15568-BR) for the filing of pleadings and the lodging and entry of orders, judgments, and related documents (but excluding schedules of assets and liabilities, statements of financial affairs, Proofs of Claim, requests for payment of administrative expenses, and the notice of joint administration);

(b) the use of a joint pleadings caption;

(c) combined notices to creditors and other parties in interest.

With respect to the joint pleadings docket, the Benchmark Debtors propose that the docket be maintained in the bankruptcy case of Benchmark Post. With respect to the joint pleadings caption, the Benchmark Debtors propose to use the case caption attached hereto as **Exhibit 1**.

If the Court grants this motion, one of the Benchmark Debtors will file and serve a notice substantially identical to that attached hereto as **Exhibit 2** (or other form ordered by the Court) to all creditors advising them of the joint administration. The Benchmark Debtors further request that the Court direct the Clerk of the Court to place a notation, such as the following notation, in the docket maintained for each of the Benchmark Debtors cases to reflect that their cases are being jointly administered:

> An order has been entered in this case directing the joint administration of the Chapter 11 cases of Benchmark Post, Inc. (case no. 2:17-bk-15568-BR) and Benchmark Sound Services, Inc. (case no. 2:17-bk-15570-BR) for procedural/administrative purposes only. The docket in the case of Benchmark Post, Inc., case no. 2:17-bk-15568-BR should be consulted for all matters affecting both cases, except that the clerk of the Court shall maintain a separate claims register for each case, and parties shall file any Proofs of Claim and/or requests for payment of administrative expenses in the case of the particular debtor from whom payment is sought.

### IV.

### **CONCLUSION**

JDB\ 2579162.1    9

1   For the reasons set forth above, the Debtor respectfully requests that the Court enter an
2   order (i) directing the joint administration of the Benchmark Debtors' Chapter 11 cases as
3   requested herein; and (ii) granting such other relief as the Court deems just and proper.

4   DATED: May 5, 2017                    Respectfully submitted,

                                          **Sulmeyer**Kupetz
                                          A Professional Corporation


                                          By:      */s/ Jason D. Balitzer*
                                                 David S. Kupetz
                                                 Jason D. Balitzer
                                                 Attorneys for Benchmark Post, Inc., Debtor and
                                                 Debtor in Possession

JDB\ 2579162.1                                    10

# EXHIBIT 1

David S. Kupetz (CA Bar No. 125062)
  dkupetz@sulmeyerlaw.com
Jason D. Balitzer (CA Bar No. 244537)
  jbalitzer@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Benchmark Post, Inc.,
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>BENCHMARK POST, INC., a California corporation,<br><br>      Debtor and Debtor in Possession. | CASE NO. 2:17-bk-15568-BR<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 2:17-bk-15570-BR)<br><br>**[TITLE OF PLEADING]** |
| In re<br><br>BENCHMARK SOUND SERVICES, INC., a California corporation,<br><br>      Debtor and Debtor in Possession. | Date:<br>Time:<br>Place:    U.S. Bankruptcy Court<br>            Courtroom 1668<br>            255 E. Temple St.<br>            Los Angeles, CA 90012 |
| ☐     Affects Benchmark Post, Inc. only<br>☐     Affects Benchmark Sound Services, Inc. only<br>☐     Affects both Debtors | |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 2

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>David S. Kupetz (CA Bar No. 125062)<br>  dkupetz@sulmeyerlaw.com<br>Jason D. Balitzer (CA Bar No. 244537)<br>  jbalitzer@sulmeyerlaw.com<br>**Sulmeyer**Kupetz, A Professional Corporation<br>333 South Hope Street, 35th Floor<br>Los Angeles, California 90071<br>Tel:  (213) 626-2311<br>Fax: (213) 629-4520<br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Benchmark Post, Inc., Debtor and Debtor in Possession | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>BENCHMARK POST, INC., a California corporation,<br><br>                                                                Debtor(s)<br>--------<br>In re:<br>BENCHMARK SOUND SERVICES, INC., a California corporation,<br><br><br><br><br>                                                                Debtor(s) | LEAD CASE NO.: 2:17-bk-15568-BR<br>CHAPTER: 11<br>JOINTLY ADMINISTERED WITH:<br>CASE NO.: 2:17-bk-15570-BR |
| ☐ Affects All Debtors<br>☐ Affects Benchmark Post, Inc. only<br>☐ Affects Benchmark Sound Services, Inc. only<br><br><br><br>                                                                Debtor(s) | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES: An order was entered on (*date*) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

JDB\ 2579368.1
This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                                                    Page 1                                    **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:


Date: _____          By: _____
                                        Signature

JDB\ 2579368.1

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*          Page 2          **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  EMERGENCY "FIRST DAY" MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 5, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jason D. Balitzer: jbalitzer@sulmeyerlaw.com
David S. Kupetz: dkupetz@sulmeyerlaw.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  May 5, 2017 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  May 5, 2017 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1660
255 E. Temple Street
Los Angeles, CA 90012

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 5, 2017 | Shirley Lee | /s/ Shirley Lee |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

2. **SERVED BY U.S. MAIL**

**Debtor:**
Benchmark Post, Inc.
2901 West Alameda Avenue
Suite 100
Burbank, CA 91505

**U.S. Trustee:**
United States Trustee-Los Angeles
915 Wilshire Boulevard
Suite 1850
Los Angeles, CA 90017

**Secured Creditors:**
JPMorgan Chase Bank, NA
Post Office Box 29550, AZ1-1025
Phoenix, AZ 85038

JPMorgan Chase Bank, NA
c/o Haight Brown & Bonesteel LLP
Attn: William Ireland, Esq.
555 South Flower Street, 44th Floor
Los Angeles, CA 90071

**Unsecured Creditors:**
Aladdin Glass & Mirror
18758-2 Bryant Street
Northridge, CA 91324

Audio Intervisual Design
James Pace, Owner
1155 North La Brea Avenue
Los Angeles, CA 90038

CF Burbank Office, L.P.
100 Waugh Street, Suite 600
Houston, TX 77007

CF Burbank Office, L.P.
c/o Jackson Walker L.L.P.
Attn: Amanda Dworak
1401 McKinney Street, Suite 1900
Houston, TX 77010

Additional Notice re CF Burbank Office, L.P.:
Transwestern
Attn: Nicole Audette
601 South Figueroa Street Suite 2750
Los Angeles, CA 90017

Dolby Laboratories, Inc.
16841 Collections Center Drive
Chicago, IL 60693

John Cox
3922 Greenwood Street
Newbury Park, CA 91320

Kipjoe, Inc. (Steiner Construction)
Joseph J. Steiner, President
5525 Oakdale Avenue, Suite 450
Woodland Hills, CA 91364

Kipjoe, Inc.
c/o Weissman & Weissman
Robert A. Weissman, Esq.
2660 Townsgate Road, Suite 350
Westlake Village, CA 91361

Renegade Flooring, Inc.
2999 Overland Avenue, Suite 111
Los Angeles, CA 90064

Superior Alarm Systems
Post Office Box 10084
Canoga Park, CA 91309

Trendex Corporation
Attn: Pam Vincent
9353 Eton Avenue
Chatsworth, CA 91311

**Taxing Entities:**
Employment Development Dept.
Bankruptcy Group MIC 92E
Post Office Box 826880
Sacramento CA 94280-0001

Franchise Tax Board
Bankruptcy Section, MS:A-340
P.O. Box 2952
Sacramento CA 95812-2952

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

Los Angeles County Tax Collector
P.O. Box 54110
Los Angeles CA 90054-0110

State Board of Equalization
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento CA 94279-0029

2579596.1   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **Utilities:**<br>Burbank Water and Power<br>164 West Magnolia Boulevard<br>Burbank, CA 91502 | Sohonet Inc.<br>Attn: Katie Smith<br>Dept LA 24489<br>Pasadena, CA 91185-4489 | Superior Alarm Systems<br>Post Office Box 10084<br>Canoga Park, CA 91309 |
| Vonage Business<br>Post Office Box 392415<br>Pittsburgh, PA 15251 – 9415 | Wiredrive<br>5340 Alla Road<br>Suite 109<br>Los Angeles, CA 90066 | |
| **Additional Notice**:<br>Hymes Schreiber & Knox LLP<br>Douglas K. Schreiber<br>21333 Oxnard Street, First Floor<br>Woodland Hills, CA 91367 | Stone Miller<br>11620 Wilshire Boulevard<br>Suite 520<br>Los Angeles, CA 90025 | Winningham Becker & Company<br>21031 Ventura Boulevard<br>Suite 1000<br>Woodland Hills, CA 91364 |

**3. SERVED BY FACSIMILE TRANSMISSION OR E-MAIL (AS NOTED):**

| | | |
|---|---|---|
| **Secured Creditors**:<br>JPMorgan Chase Bank, NA<br>Post Office Box 29550<br>AZ1-1025<br>Phoenix, AZ 85038<br>*leticia.f.hernandez@jpmorgan.com* | JPMorgan Chase Bank, NA<br>c/o Haight Brown & Bonesteel LLP<br>Attn: William Ireland, Esq.<br>555 South Flower Street, 44th Floor<br>Los Angeles, CA 90071<br>*wireland@hbblaw.com* | |
| **Unsecured Creditors**:<br>Aladdin Glass & Mirror<br>18758-2 Bryant Street<br>Northridge, CA 91324<br>*info@aladdinglass.net* | Audio Intervisual Design<br>James Pace, Owner<br>1155 North La Brea Avenue<br>Los Angeles, CA 90038<br>*jpace@aidinc.com* | CF Burbank Office, L.P.<br>100 Waugh Street<br>Suite 600<br>Houston, TX 77007<br>F:       213.457.1669 |
| CF Burbank Office, L.P.<br>c/o Jackson Walker L.L.P.<br>Attn: Amanda Dworak<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010<br>*adworak@jw.com* | Jackson Walker L.L.P.<br>Attn: Kurt D. Nondorf<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010<br>*knondorf@jw.com* | |
| <u>Additional Notice re CF Burbank Office, L.P.:</u><br>Transwestern<br>Attn: Nicole Audette<br>601 South Figueroa Street Suite 2750<br>Los Angeles, CA 90017<br>F:       213.624.9203 | Dolby Laboratories, Inc.<br>16841 Collections Center Drive<br>Chicago, IL 60693<br>*creditdept@dolby.com* | John Cox<br>3922 Greenwood Street<br>Newbury Park, CA 91320<br>*johndcx@gmail.com* |
| Kipjoe, Inc. (Steiner Construction)<br>Joseph J. Steiner, President<br>5525 Oakdale Avenue, Suite 450<br>Woodland Hills, CA 91364<br>*build@steinerconstruction.com* | Kipjoe, Inc.<br>c/o Weissman & Weissman<br>Robert A. Weissman, Esq.<br>2660 Townsgate Road, Suite 350<br>Westlake Village, CA 91361<br>*raw4law@verizon.net* | Renegade Flooring, Inc.<br>2999 Overland Avenue<br>Suite 111<br>Los Angeles, CA 90064<br>*mark@renegadeflooring.com*<br>*walt@renegadeflooring.com* |
| Superior Alarm Systems<br>Post Office Box 10084<br>Canoga Park, CA 91309<br>*kathy@sassecurity.com* | Trendex Corporation<br>Attn: Pam Vincent<br>9353 Eton Avenue<br>*trendex2@trendexcorp.com* | |

2579596.1   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **Utilities**:<br>Sohonet Inc.<br>Attn: Katie Smith<br>Dept LA 24489<br>Pasadena, CA 91185-4489<br>F:       310.449.8688 | Superior Alarm Systems<br>Post Office Box 10084<br>Canoga Park, CA  91309<br>F:       818.717.9700 | |
| **Additional Notice**:<br>Hymes Schreiber & Knox LLP<br>Douglas K. Schreiber<br>21333 Oxnard Street, First Floor<br>Woodland Hills, CA  91367<br>*dschreiber@ahslawyers.com* | Stone Miller<br>11620 Wilshire Boulevard<br>Suite 520<br>Los Angeles, CA 90025<br>F:       310 202-0630 | Winningham Becker & Company<br>21031 Ventura Boulevard<br>Suite 1000<br>Woodland Hills, CA 91364<br>*jbecker@wbac.com* |

## 3. SERVED OVERNIGHT MAIL

| | | |
|---|---|---|
| **Taxing Entities:**<br>Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>Post Office Box 826880<br>Sacramento CA 94280-0001 | Franchise Tax Board<br>Bankruptcy Section, MS:A-340<br>P.O. Box 2952<br>Sacramento CA 95812-2952 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 |
| Los Angeles County Tax Collector<br>P.O. Box 54110<br>Los Angeles CA 90054-0110 | State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento CA 94279-0029 | |
| **Utilities:**<br>Burbank Water and Power<br>164 West Magnolia Boulevard<br>Burbank, CA 91502 | Wiredrive<br>5340 Alla Road<br>Suite 109<br>Los Angeles, CA  90066 | Vonage Business<br>Post Office Box 392415<br>Pittsburgh, PA 15251 – 9415 |

2579596.1   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**