David S. Kupetz (CA Bar No. 125062)
  dkupetz@sulmeyerlaw.com
Jason D. Balitzer (CA Bar No. 244537)
  jbalitzer@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Benchmark Post, Inc., Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:17-bk-15568-BR |
| BENCHMARK POST, INC., a California corporation,<br><br>      Debtor. | Chapter 11<br><br>**OMNIBUS DECLARATION OF PEDRO JIMENEZ IN SUPPORT OF VARIOUS "FIRST DAY" MOTIONS OF DEBTOR AND DEBTOR IN POSSESSION**<br><br>Date:   [To be set]<br>Time:  [To be set]<br>Place:  U.S. Bankruptcy Court<br>           Courtroom 1668<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

JDB\ 2579202.2

# DECLARATION OF PEDRO JIMENEZ

I, Pedro Jimenez, declare as follows:

1. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. I am the founder, sole director, and the sole shareholder of both Benchmark Post, Inc. ("Benchmark Post" or the "Debtor") and Benchmark Sound Services, Inc. ("Benchmark Sound"). Both Benchmark Post and Benchmark Sound are S-corporations. Benchmark Post and Benchmark Sound together comprise a post-production sound mixing enterprise and are collectively referred to herein as "Benchmark"). Benchmark provides post-production audio services for feature films, television, video games, and motion picture advertising. Benchmark's clients include, among others, major motion picture studios, independent filmmakers, video game companies, and broadcast television content creators.

3. I am a re-recording mixer, and my career in audio services began more than 23 years ago. I have extensive expertise and experience as a recording engineer, sound designer, creative director, post-production supervisor, and re-recording mixer. I have had a significant focus in mixing movie trailers for more than 17 years and I am recognized as one of the leading re-recording mixers for theatrical trailers.

4. Benchmark has 6 employees, though payroll is operated exclusively through Benchmark Sound. Benchmark operates out of a leased facility in Burbank, California. Benchmark's services include sound mixing, sound editorial, and sound design. Benchmark provides creative input and helps its clients achieve their creative vision through sound editorial, sound design and sound mix.

## COMPANY HISTORY

5. In 2008, I founded Benchmark Sound Services, LLC, the predecessor to Benchmark Sound (which was set up as a corporation in 2012). Initially, Benchmark Sound had no permanent facility. Rather, it would rent space or facilities as necessary depending on the size of the project and the location of the client. In 2010, Benchmark Sound entered into an agreement with Universal Studio's Sound Department ("Universal") and operated out of Universal's lot until

1  December 2015. Following the completion of Comcast's acquisition of NBC Universal in 2013,
2  Universal extended its agreement with Benchmark Sound and agreed to construct and provide
3  additional facilities for Benchmark Sound to be able to expand its business on the Universal lot.
4  By mid-2014, however, Universal reneged on its agreement to build and deliver additional
5  facilities to Benchmark Sound.

6        6.      Benchmark Sound's business was growing and there was no available space to
7  expand at the Universal lot. Accordingly, Benchmark Sound looked outside the studio's lot for
8  expansion and, in October 2014, leased its current space at 2901 West Alameda Avenue, Suite
9  100, Burbank, California (the "Burbank Facility"). Benchmark Post was formed in October 2014
10 and was originally intended to handle the company's non-Universal business.

11       7.      The initial plan and goal was for the Burbank Facility to serve as an overflow
12 facility for Benchmark Sound while it continued to primarily operate out of the Universal Studio's
13 lot. In December 2015, however, Benchmark Sound's relationship with Universal terminated. At
14 that time, Universal constituted approximately 60% of Benchmark's revenue. In December 2015,
15 Benchmark departed from the Universal lot and has not worked with Universal since then.

16       8.      After taking possession of the Burbank Facility in October 2014, Benchmark
17 discovered that the mixing stages at the facility had numerous acoustic problems, could not be
18 used as they had been delivered to Benchmark, and had to be torn down. As a result, Benchmark
19 embarked on a major remodel project. In June 2015, Benchmark signed an agreement with an
20 architect for the work and, in November 2015, entered a contract with the general contractor for
21 the project named Steiner Construction ("Steiner").

22       9.      The original contract was for three phases and was expected to cost approximately
23 $1.7 million. Phase 1 was a smaller build-out of kitchen and equipment/server room areas; phase
24 2 included edit rooms, food prep area, central machine room and mix stage-1, while phase 3 was
25 to include mix stages 2 & 3. Construction began in February 2016. Unfortunately, numerous
26 delays ensued which had a severe negative impact on Benchmark's business. Further, the newly
27 remodeled mixing stage-1 was constructed in what I believe was an inadequate, deficient, and
28 negligent manner resulting in major acoustic problems that impact the types of projects and clients

that can work in the room, in turn, impacting our original revenue projections and overshadowing the original reason for completely remodeling the mix stage. While Benchmark began generating revenue out of the Burbank Facility in February 2016, due to the construction problems it still has only one mixing stage from which it currently operates.

10. Because of the delays, and the need to get a second stage up and running, all attention was devoted to completing phase 2, which included mix stage-1. As August 2016 approached, Steiner was not close to completing phase-2, when at that point he should have been nearing completion on phase 3 which would have included all 3 stages, since completion per the contract was to occur by September 2016.

11. Benchmark's secured lender, JPMorgan Chase Bank, NA ("JP Morgan" or the "Bank"), entered into an equipment loan with Benchmark Post in May 2015. Benchmark Sound guaranteed the equipment loan. The Bank also entered into a tenant improvement loan with Benchmark Post in December 2015, which Benchmark Sound guaranteed as well. Repayment of these loans was secured by the various UCC-1 financing statements that are attached to the Cash Collateral Motion (defined herein) as Exhibit 1.

12. In August 2016, the Bank got concerned and refused to release any further funds under both the equipment loan and the tenant improvement loan. Moreover, Steiner walked off the job in September. Subsequently, Steiner and two subcontractors, Renegade Flooring and Trendex Corporation, recorded mechanics liens against the premises. In connection with its mechanics' lien, Steiner asserted a claim in the sum of approximately $458,000 against Benchmark. In February 2017, Steiner filed a complaint against Benchmark Post and CF Burbank Office, L.P., the owner of the Burbank Facility, in the California Superior Court for alleged breach of contract, foreclosure of mechanics' liens, and quantum meruit.

13. In 2017, Benchmark retained a forensic construction expert to review and evaluate the remodel project and Steiner's billing. Apart from damages imposed on and suffered by Benchmark as a result of the delay and construction problems, the expert concluded that Steiner's bills were unjustified and dramatically overstated. The report reflected that Steiner billed more than what the completed work warranted and, if Steiner was to be paid in full, only $300,000

would be available to fund the remainder of the project, an impossible small figure due to the size, materials and scope of work to build the two remaining mix stages.

14. Benchmark tried to engage Steiner to discuss whether the parties could agree on any resolution, but as of the commencement of the above-captioned case no progress has been made toward a consensual resolution.

15. In February 2017, JPMorgan and Benchmark reached agreement on and executed modified tenant improvement/construction and equipment loan documents. However, the Bank has declined to fund the loans without the litigation brought by Steiner being resolved.

16. As reflected above, Benchmark has in the past three years experienced dramatic changes and severe challenges that have seriously impacted its financial results. It went from generating $3.8 million[1] in 2014 and operating a mixing studio inside the Universal lot to generating approximately half that amount in 2015 and 2016. Nonetheless, while being forced to essentially start from scratch in 2016, Benchmark has been able to accommodate 3 major studio clients at the Burbank facility (even in its current state) and is projected to generate approximately $2.3 million in revenue in 2017 with just one mixing studio. If Benchmark can get its second mixing stage completed and functional, it projects it will be able to generate approximately an additional $1.5 million per year. While the company has suffered substantial losses, Benchmark continues to provide first class post-production sound services. With some breathing room, Benchmark believes it will be able to reorganize and operate on a viable ongoing basis. Further, if it is able to get its second mixing stage operational, Benchmark will be in a position to truly flourish.

17. To that end, on May 5, 2017, Benchmark Sound and Benchmark Post both filed voluntary petitions under Chapter 11 of the United States Bankruptcy Court. They both serve as debtor in possession of their respective estates, and are sometime referred to herein collectively as the "Benchmark Debtors".

---

[1] This figure includes approximately $900,000 from Marquee Soundworks, Inc. ("Marquee"), which is also wholly owned by me and which used to be part of the Benchmark enterprise. Marquee has been dormant since 2015.

4

## FACTS IN SUPPORT OF FIRST DAY MOTIONS FILED CONCURRENTLY HEREWITH

**Motion Of Debtor And Debtor In Possession For Interim And Final Orders Authorizing Use Of Cash Collateral (the "Cash Collateral Motion")**

18. Prior to the commencement of this case, the Debtor maintained three deposit accounts. One was its operating account, which was held at City National Bank ("CNB") and into which the Debtor deposited its receivables and from which the Debtor paid its obligations (as well as certain obligations incurred by Benchmark Sound, as Benchmark Sound and the Debtor operated together as the Benchmark business enterprise). The other two deposit accounts were held at JPMorgan. These accounts contained a combined balance of approximately $1,800 at the time the Debtor filed its bankruptcy petition. Upon the commencement of this case, the Debtor undertook the U.S. Trustee-mandated process of closing all of its prepetition accounts and moving the funds therein to newly established "debtor in possession" accounts at CNB.

19. Benchmark's current operating projections from May 1, 2017 through December 31, 2017 are attached to the Cash Collateral Motion as Exhibit 2. The projections reflect that the continued operation of Benchmark's business without interruption will result in generating revenues in excess of Benchmark's operating expenses. All revenues represent compensation to the Debtor for the services it provides its clients in the ordinary course of its business (none of which involves the sale or other disposition of equipment).

20. Any material interruption in Benchmark's ability to use its funds and operate its business in the ordinary course, however, could result in immediate and irreparable harm to Benchmark's business and its value. The Debtor's uninterrupted use those funds is critical to Benchmark's continued operation. Absent an immediate hearing and entry of an order granting the Cash Collateral Motion, the Debtor could potentially lose access to the funds it requires to pay the ordinary and necessary expenses essential to operate the Benchmark enterprise. Such a result would jeopardize the prospects for a successful reorganization of Benchmark.

**Motion Of Debtor And Debtor In Possession For Order: (1) Deeming Utility Companies Adequately Assured Of Future Performance; (2) Establishing Procedures For Requests For Additional Assurance; (3) Restraining Utility Companies From Discontinuing, Altering, Or Refusing Service; And (4) Providing For Related Ancillary Relief (the "<u>Utilities Motion</u>")**

21.     In connection with the Benchmark enterprise, the Debtor obtains telecommunication services and other similar services from various utility suppliers (collectively, the "<u>Utility Providers</u>" and, each, a "<u>Utility Provider</u>").  A schedule identifying each of the Utility Providers, including its name and address, the type of service provided, and the amount of the Debtor's monthly charges, is appended to the Utilities Motion as Exhibit 1.

22.     The Utility Providers supply the Debtor with services essential to Benchmark's overall business operations.  As discussed above in the Motion, any interruption in the utility services provided to the Debtor would seriously disrupt Benchmark's business and could jeopardize the reorganization of the Benchmark Debtors.  The Debtor estimates that its projected average monthly aggregate utility payments to the Utility Providers are approximately $5,528.00.  The Debtor has not been in default of any of its obligations to Utility Providers.

23.     The Debtor fully intends to pay all post-petition obligations owed to the Utility Providers in a timely manner.  Further, the Debtor expects that Benchmark's revenues generated in the ordinary course of business will be more than sufficient to pay all post-petition utility obligations.

**Motion For Order Directing Joint Administration Of Related Cases (the "<u>Joint Administration Motion</u>")**

24.     Benchmark Post and Benchmark Sound together form a single enterprise.  Benchmark Sound was the first company established in this enterprise, and its business revolved around a service agreement with Universal Studios.  All payroll was run through Benchmark Sound.  Benchmark Post was later established to handle non-Universal business.  After Benchmark Sound's service agreement with Universal Studios was terminated in 2015, Benchmark Post became the sole service provider to Benchmark clients.  Nonetheless, all payroll remained with Benchmark Sound.  Presently, Benchmark Post has the right to all Benchmark receivables and is the company with which Benchmark clients contract, but it has no employees.  Payroll is still run through Benchmark Sound.  Since the Benchmark Debtors form a single

enterprise and share many of the same creditors, joint administration of their cases is sensible and appropriate.

25. I own 100% of the outstanding voting securities of both Benchmark Post and Benchmark Sound. I do not hold those securities in a fiduciary or agency capacity without voting power or solely to secure debt.

**Motion Of Debtor And Debtor In Possession For Order: (1) Limiting Extent Of Notice Required For Administrative Matters; And (2) Authorizing Service By Electronic Mail (the "Limiting Notice Motion")**

26. I believe that the Debtor may be required to bring numerous administrative matters before the Court in this case. I believe that limiting the extent of notice required for such matters, as requested in the Limiting Notice Motion, will greatly reduce the substantial burden and expense that would be imposed upon the estate if the Debtor is required to provide notice of all administrative matters in this case to all of its creditors and various other parties.

**Motion Of Debtor And Debtor In Possession For Extension Of Time To File Schedules, Statement Of Financial Affairs, And Lists (the "Schedules Extension Motion")**

27. Upon commencement of this case, in order to continue its operations and avoid irreparable harm to the estate, the Debtor was required, among other things, to file various "first day" motions, including (among others) motions (1) to obtain approval to use cash collateral in the ordinary course of business and (2) to provide adequate assurance in accordance with Bankruptcy Code § 366 to utility providers. These matters required the immediate attention of the Debtor.

28. The Debtor is working diligently to compile and analyze the information necessary to prepare the schedules, statement of financial affairs, and lists it is required to file under Federal Rule of Bankruptcy Procedure 1007 (the "Schedules"). However, significant documentation and records must be reviewed to ensure the Schedules' accuracy. Moreover, my staff and I are required to engage in this analysis for both Benchmark Debtors and make proper determinations as to which items should be ascribed to Benchmark Sound, Benchmark Post, or both. Additional time is required to make these determinations and enable proper preparation of the Schedules.

29. In this case, compiling and preparing the information required by the Office of the United States Trustee under its initial requirements will require a significant amount of time and

1  attention of the persons responsible for the necessary accounting, financial, employee-related, and
2  other operations information.  Again, my staff and I will need to engage in these efforts on behalf
3  of both Benchmark Debtors simultaneously.
4      I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct.
6      Executed on this <u>4th</u> day of May, 2017, at Burbank, California.

                                                                               */s/ Pedro Jimenez*
                                                                               Pedro Jimenez

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS DECLARATION OF PEDRO JIMENEZ IN SUPPORT OF VARIOUS "FIRST DAY" MOTIONS OF DEBTOR AND DEBTOR IN POSSESSION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 5, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jason D. Balitzer:  jbalitzer@sulmeyerlaw.com
David S. Kupetz:  dkupetz@sulmeyerlaw.com
United States Trustee (LA):  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On May 5, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 5, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PERSONAL DELIVERY**:
The Honorable Barry Russell
United States Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1660
255 East Temple Street
Los Angeles, CA 90012

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 5, 2017 | Shirley Lee | */s/ Shirley Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

2579596.1    This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                           **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

2. **SERVED BY U.S. MAIL**

| | | |
|---|---|---|
| **Debtor:**<br>Benchmark Post, Inc.<br>2901 West Alameda Avenue<br>Suite 100<br>Burbank, CA 91505 | **U.S. Trustee:**<br>United States Trustee-Los Angeles<br>915 Wilshire Boulevard<br>Suite 1850<br>Los Angeles, CA 90017 | |
| **Secured Creditors**:<br>JPMorgan Chase Bank, NA<br>Post Office Box 29550, AZ1-1025<br>Phoenix, AZ 85038 | JPMorgan Chase Bank, NA<br>c/o Haight Brown & Bonesteel LLP<br>Attn: William Ireland, Esq.<br>555 South Flower Street, 44th Floor<br>Los Angeles, CA 90071 | |
| **Unsecured Creditors**:<br>Aladdin Glass & Mirror<br>18758-2 Bryant Street<br>Northridge, CA 91324 | Audio Intervisual Design<br>James Pace, Owner<br>1155 North La Brea Avenue<br>Los Angeles, CA 90038 | CF Burbank Office, L.P.<br>100 Waugh Street, Suite 600<br>Houston, TX 77007 |
| CF Burbank Office, L.P.<br>c/o Jackson Walker L.L.P.<br>Attn: Amanda Dworak<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010 | Additional Notice re CF Burbank Office, L.P.:<br>Transwestern<br>Attn: Nicole Audette<br>601 South Figueroa Street Suite 2750<br>Los Angeles, CA 90017 | |
| Dolby Laboratories, Inc.<br>16841 Collections Center Drive<br>Chicago, IL 60693 | John Cox<br>3922 Greenwood Street<br>Newbury Park, CA 91320 | Kipjoe, Inc. (Steiner Construction)<br>Joseph J. Steiner, President<br>5525 Oakdale Avenue, Suite 450<br>Woodland Hills, CA 91364 |
| Kipjoe, Inc.<br>c/o Weissman & Weissman<br>Robert A. Weissman, Esq.<br>2660 Townsgate Road, Suite 350<br>Westlake Village, CA 91361 | Renegade Flooring, Inc.<br>2999 Overland Avenue, Suite 111<br>Los Angeles, CA 90064 | Superior Alarm Systems<br>Post Office Box 10084<br>Canoga Park, CA 91309 |
| Trendex Corporation<br>Attn: Pam Vincent<br>9353 Eton Avenue<br>Chatsworth, CA 91311 | | |
| **Taxing Entities:**<br>Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>Post Office Box 826880<br>Sacramento CA 94280-0001 | Franchise Tax Board<br>Bankruptcy Section, MS:A-340<br>P.O. Box 2952<br>Sacramento CA 95812-2952 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 |
| Los Angeles County Tax Collector<br>P.O. Box 54110<br>Los Angeles CA 90054-0110 | State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento CA 94279-0029 | |

2579596.1   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

**Utilities:**
Burbank Water and Power
164 West Magnolia Boulevard
Burbank, CA 91502

Vonage Business
Post Office Box 392415
Pittsburgh, PA 15251 – 9415

**Additional Notice**:
Hymes Schreiber & Knox LLP
Douglas K. Schreiber
21333 Oxnard Street, First Floor
Woodland Hills, CA 91367

Sohonet Inc.
Attn: Katie Smith
Dept LA 24489
Pasadena, CA 91185-4489

Wiredrive
5340 Alla Road
Suite 109
Los Angeles, CA 90066

Stone Miller
11620 Wilshire Boulevard
Suite 520
Los Angeles, CA 90025

Superior Alarm Systems
Post Office Box 10084
Canoga Park, CA 91309

Winningham Becker & Company
21031 Ventura Boulevard
Suite 1000
Woodland Hills, CA 91364

**3. SERVED BY FACSIMILE TRANSMISSION OR E-MAIL (AS NOTED):**

**Secured Creditors**:
JPMorgan Chase Bank, NA
Post Office Box 29550
AZ1-1025
Phoenix, AZ 85038
*leticia.f.hernandez@jpmorgan.com*

**Unsecured Creditors**:
Aladdin Glass & Mirror
18758-2 Bryant Street
Northridge, CA 91324
*info@aladdinglass.net*

CF Burbank Office, L.P.
c/o Jackson Walker L.L.P.
Attn: Amanda Dworak
1401 McKinney Street, Suite 1900
Houston, TX 77010
*adworak@jw.com*

Additional Notice re CF Burbank Office, L.P.:
Transwestern
Attn: Nicole Audette
601 South Figueroa Street Suite 2750
Los Angeles, CA 90017
F:    213.624.9203

Kipjoe, Inc. (Steiner Construction)
Joseph J. Steiner, President
5525 Oakdale Avenue, Suite 450
Woodland Hills, CA 91364
*build@steinerconstruction.com*

Superior Alarm Systems
Post Office Box 10084
Canoga Park, CA 91309
*kathy@sassecurity.com*

JPMorgan Chase Bank, NA
c/o Haight Brown & Bonesteel LLP
Attn: William Ireland, Esq.
555 South Flower Street, 44th Floor
Los Angeles, CA 90071
*wireland@hbblaw.com*

Audio Intervisual Design
James Pace, Owner
1155 North La Brea Avenue
Los Angeles, CA 90038
*jpace@aidinc.com*

Jackson Walker L.L.P.
Attn: Kurt D. Nondorf
1401 McKinney Street, Suite 1900
Houston, TX 77010
*knondorf@jw.com*

Dolby Laboratories, Inc.
16841 Collections Center Drive
Chicago, IL 60693
*creditdept@dolby.com*

Kipjoe, Inc.
c/o Weissman & Weissman
Robert A. Weissman, Esq.
2660 Townsgate Road, Suite 350
Westlake Village, CA 91361
*raw4law@verizon.net*

Trendex Corporation
Attn: Pam Vincent
9353 Eton Avenue
*trendex2@trendexcorp.com*

CF Burbank Office, L.P.
100 Waugh Street
Suite 600
Houston, TX 77007
F:    213.457.1669

John Cox
3922 Greenwood Street
Newbury Park, CA 91320
*johndcx@gmail.com*

Renegade Flooring, Inc.
2999 Overland Avenue
Suite 111
Los Angeles, CA 90064
*mark@renegadeflooring.com*
*walt@renegadeflooring.com*

2579596.1   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **Utilities**:<br>Sohonet Inc.<br>Attn: Katie Smith<br>Dept LA 24489<br>Pasadena, CA 91185-4489<br>F:  310.449.8688 | Superior Alarm Systems<br>Post Office Box 10084<br>Canoga Park, CA  91309<br>F:  818.717.9700 | |
| **Additional Notice**:<br>Hymes Schreiber & Knox LLP<br>Douglas K. Schreiber<br>21333 Oxnard Street, First Floor<br>Woodland Hills, CA  91367<br>*dschreiber@ahslawyers.com* | Stone Miller<br>11620 Wilshire Boulevard<br>Suite 520<br>Los Angeles, CA 90025<br>F:  310 202-0630 | Winningham Becker & Company<br>21031 Ventura Boulevard<br>Suite 1000<br>Woodland Hills, CA 91364<br>*jbecker@wbac.com* |

## 3. SERVED OVERNIGHT MAIL

| | | |
|---|---|---|
| **Taxing Entities:**<br>Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>Post Office Box 826880<br>Sacramento CA 94280-0001 | Franchise Tax Board<br>Bankruptcy Section, MS:A-340<br>P.O. Box 2952<br>Sacramento CA 95812-2952 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 |
| Los Angeles County Tax Collector<br>P.O. Box 54110<br>Los Angeles CA 90054-0110 | State Board of Equalization<br>Account Information Group, MIC: 29<br>P.O. Box 942879<br>Sacramento CA 94279-0029 | |
| **Utilities:**<br>Burbank Water and Power<br>164 West Magnolia Boulevard<br>Burbank, CA 91502 | Wiredrive<br>5340 Alla Road<br>Suite 109<br>Los Angeles, CA  90066 | Vonage Business<br>Post Office Box 392415<br>Pittsburgh, PA 15251 – 9415 |

2579596.1   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                **F 9013-3.1.PROOF.SERVICE**